IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| MARIO A. JIMINEZ | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 3:05-CV-364-T |
| | WO |
| AUBURN POLICE DEPT., *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Mario Jiminez, is a detainee currently incarcerated at the Lee County Detention Center. He brings this 42 U.S.C. § 1983 action complaining about various matters related to his arrest and detention.[1] Plaintiff names as defendants the Auburn Police Department, Detective Pugh of the Auburn Police Department, the Lee County Sheriff's Department, the Department of Human Resources, and Nurse Stewart. Plaintiff seeks an investigation into his current incarceration. Upon review of the pleadings filed herein, the court concludes that dismissal of this case prior to service of process is appropriate under 28

---

[1] The court finds that Plaintiff's complaint primarily presents a rambling and disjointed narrative about matters pertaining to his pending criminal charges and the conditions of the detention facility in which he is incarcerated. Plaintiff is advised that civil actions filed in this court must comply with the provisions of Rule 8 of the *Federal Rules of Civil Procedure*. This rule requires, in part, that "[a] pleading which sets forth a claim for relief, . . ., shall contain . . . a **short** and **plain** statement of the claim showing that the pleader is entitled to relief, . . ." Rule 8(e)(1), F.R.C.P., directs that [e]ach averment of a pleading shall be **simple**, **concise**, and **direct**. Complaints which fail to comply with F.R.Civ.P. 8 inhibit the court's ability to accurately and expeditiously review the claims contained therein.

U.S.C. § 1915(e)(2)(B).[2]

## DISCUSSION

*The Department of Human Resources*

Plaintiff names the Department of Human Resources as a defendant. This entity is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's claims against the Department of Human Resources are "based on an indisputably meritless legal theory," they are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

*The Auburn Police Department and the Lee County Sheriff's Department*

The Lee County Sheriff's Department and the Auburn Police Department are likewise not legal entities subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Plaintiff's claims against these defendants are also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *Neitzke*, 490 U.S. at 327.

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*Detective Pugh*

According to Plaintiff's complaint, Tennessee law enforcement officers subjected him to a traffic stop in July 2004. The law enforcement officers determined that an outstanding writ of arrest had been issued by the District Court for Lee County, Alabama, against Plaintiff on a charge of reckless endangerment. Plaintiff was apparently detained in Tennessee for a period of time as a result of the writ of arrest and/or the traffic violation. While in custody in Tennessee Plaintiff learned that a "hold" had been placed on him in Alabama on charges of first degree rape (two counts) and sexual abuse. Plaintiff asserts that he was indicted on these charges but complains that Defendant Pugh never questioned him about the charges and never game him an opportunity to make a statement about them. Plaintiff further contends that he was not read his *Miranda* rights, he was not asked to provide a rape kit, a judge unilaterally entered a not guilty plea on his behalf at his arraignment, and law enforcement officials have failed to produce the evidence they have against him.

Plaintiff's contention that Detective Pugh did not obtain a statement from him with respect to the charges pending against him is due to be dismissed. In the context of criminal proceedings, the law is established that communications, exchanges, and/or conversations between an arrestee and law enforcement officials are entitled to various protections. *See Miranda v. Arizona,* 384 U.S. 436, 474 (1966) and *Edwards v. Arizona,* 451 U.S. 477, 484-85 (1981). Here, however, Plaintiff's assertion that Detective Pugh failed to contact him for purposes of questioning him and/or obtaining a statement from him with regard to the rape

3

and sexual abuse charges, without more, does not state a claim of constitutional magnitude.

To the extent Plaintiff seeks to challenge matters pertaining to his arrest and detention on the charges currently pending against him, such claims may not proceed in this action. Under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck* also applies pre-conviction to bar damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge. *Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck* prohibits."); *see also Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir.2000) (concluding that *Heck* applies to potential and not just actual convictions); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir.2001) (same); *Smith v. Holtz,* 87 F.3d 108 (3rd Cir.1996) (same); *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 397 (6th Cir.1999) (same); *Covington v. City of New York,* 171 F.3d 117, 124 (2nd Cir.1999) (same). *See also Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (a

prisoner's "claim for [both] declaratory relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned). As the court in *Smith v. Hotlz, supra*, noted, the express objectives of the Supreme Court's holding in *Heck* - to preserve consistency and finality, and to prevent collateral attacks on a conviction via a civil lawsuit - are equally applicable "to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge." *Id.,* 87 F.3d at 113.

> A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.

*Id.* (citations omitted). *See also Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions.")

For the foregoing reasons, Plaintiff's challenge to his arrest and/or the charges pending against him are due to be dismissed subject to being reasserted when the conditions set forth in *Heck v. Humphrey* are met. *See* 28 U.S.C. § 1915(e)(2)(B)(i). *See Preiser v.*

5

*Rodriguez*, 411 U.S. 475 (1973) (an inmate who challenges the fact or duration of his confinement and seeks an immediate or speedier release may not seek such relief in a § 1983 action but must file a petition for writ of habeas corpus).

*Nurse Stewart*

Plaintiff complains that Nurse Stewart denied him medical care. According to the complaint, in March 2005 Plaintiff filled out a sick call slip about a cold. Nurse Stewart advised Plaintiff that she could charge him and put him on cold medication. She further informed Plaintiff that the detention facility physician stated that if Plaintiff did not have a fever, the cold would have to run its course. Plaintiff asserts that Nurse Stewart did not examine him or ask him about his symptoms.

In *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983), the Supreme Court held that the protection afforded a pretrial detainee by the Fourteenth Amendment is "at least as great" as the protection under the Eighth Amendment granted to a convicted prisoner. Therefore, at a minimum, the deliberate indifference of officials to the serious medical needs of a pretrial detainee will violate the Fourteenth Amendment. *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419 (11th Cir. 1997). In the context of a claim implicating a denial of medical care for a pretrial detainee, this Circuit has treated the Eighth and Fourteenth Amendment protections as co-extensive. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Belcher v. City of Foley, Ala.,* 30 F.3d 1390, 1396 (11th Cir.1994). Thus, in order to establish a claim that Defendant Stewart failed to provide

adequate medical treatment, Plaintiff must demonstrate that she acted with deliberate indifference to his serious medical condition. *See Thornton v. City of Montgomery*, 78 F. Supp. 1218, 1225 (M.D. Ala. 1999), *aff'd*, 228 F.3d 414, 415 (11th Cir. 2000 ( table).

With respect to Plaintiff's allegation that Nurse Stewart denied him medical care, the court finds that the condition about which he complains was not sufficiently serious to implicate the Constitution. *See Cooper v. Casey,* 97 F.3d 914, 916 (7th Cir.1996) (a prison medical staff's refusal to 'dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue ... does not violate the Constitution."); *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980) (failure to treat a common cold does not violate the Eighth Amendment); *Schwartz v. Jones,* 2000 WL 1859012, at *3 (E.D.La. Dec. 18, 2000) (*citing Gibson*, 631 F.2d at 98) (holding "flu-like symptoms and head cold" were not serious medical conditions, and prison officials' failure to provide inmate with aspirin, cold medicine and cough drops for such symptoms did not rise to level of federal constitutional claim for denial of medical care). Consequently, Plaintiff's medical claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

*The Conditions Claims*

Plaintiff complains about various conditions existing at the Lee County Detention Center. Specifically, he complains that: 1) he has been denied adequate access to the law library; 2) the food service is unsanitary; 3) the food served at the detention facility is cold,

non-nutritious, and unpalatable; 4) the telephones at the jail are in disrepair; 5) inmate mail is held up; and 5) the grievance procedure at the jail is inadequate. It is clear to the court that neither Defendant Pugh nor Defendant Stewart are responsible for the conditions of confinement which exist at the Lee County Detention Center. Accordingly, the court concludes that Plaintiff's conditions of confinement claim is due to be dismissed without prejudice.[4]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the Auburn Police Department, the Lee County Sheriff's Office, the Department of Human Resources, Detective Pugh, and Nurse Stewart be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B);

2. Plaintiff's conditions of confinement claim be DISMISSED without prejudice; and

3. This complaint be DISMISSED prior to service of process.

It is further

---

[4] Even if Plaintiff named the proper defendants to this action with respect to his conditions claim, the court finds that the allegedly unconstitutional conditions about which Plaintiff complains, without more, do not entitle him to relief. *See Lewis v. Casey*, 518 U.S. 343, 349, 355 (1996) (inmates do not have free-standing right to library or legal assistance, but rather, must demonstrate that inability to gain access to legal materials resulted in "actual injury" to the capacity of bringing contemplated challenges to sentences or conditions of confinement before the courts); *Hamm v. DeKalb County,* 774 F.2d at 1575 ("[t]he fact that the food occasionally contains foreign objects or sometimes is served cold ... does not amount to a constitutional deprivation..."); *Cunningham v. Jones,* 567 F.2d 653, 659-60 (6th Cir.1977) (the Constitution requires only that inmates receive adequate nutrition. Food that is not aesthetically pleasing or tasty does not violate an inmate's civil rights); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990) (a single mistake or occasional incident of mishandling of mail, legal or nonlegal, does not state a claim under § 1983; *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (prison officials' failure to respond to inmate's administrative remedy requests and/or grievances not actionable in § 1983 action as the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state).

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 23, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of May, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE